# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Robbie Collins, | Case No. 2:20-cv-3752-RMG |
| Plaintiff, | **ORDER AND OPINION** |
| v. | |
| Nurse Belzer, *et al*, | |
| Defendants. | |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge (Dkt. No. 51) recommending that the Court deny Plaintiff's motion for a preliminary injunction (Dkt. No. 24). For the reasons set forth below, the Court adopts the R&R as the order of the Court and denies Plaintiff's motion as moot.

## I. Background

Plaintiff, a state prisoner proceeding *pro se*, brings this action under 42 U.S.C. § 1983 alleging Defendants were deliberately indifferent to Plaintiff's serious medical needs when Plaintiff contracted COVID-19.

Plaintiff filed this action on October 26, 2020. (Dkt. No. 1). At that time, Plaintiff was incarcerated at Broad River Correctional Institution. (Dkt. No. 46-1 at 5). Plaintiff was transferred to Evans Correctional Institution on March 4, 2021. (*Id.*). On April 30, 2021, Plaintiff was transferred to McCormick Correctional Institution, where he currently resides.

On April 29, 2021, a day before being transferred to McCormick, Plaintiff filed this motion for a preliminary injunction. (Dkt. No. 24). Therein, Plaintiff requests that the Court issue a preliminary injunction ordering Defendants to transfer Plaintiff to the 24-hour medical facility at Lee Correctional Institution. Plaintiff alleges that in April 2021 he had three "respiratory crises

and due to the facility not being 24-hour facility, [Plaintiff] has been unable to receive any medical attention." (Dkt. No. 24-1 at 1).

Defendants oppose Plaintiff's motion. Defendants note that Plaintiff has, since the filing of his motion—and as detailed above—been transferred to McCormick, and that McCormick has 24-hour medical coverage. (Dkt. No. 46 at 2).

Plaintiff's motion is fully briefed and ripe for disposition.

## II. Legal Standards

### a. *Pro Se* Pleadings

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

### b. Preliminary Injunction

To obtain a preliminary injunction, a party must make a "clear showing" that (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 21 (2008); *see also, Smith v Ozmint*, 444 F. Supp. 2d 502, 504 (D.S.C. 2006). All four requirements must be satisfied for relief to be granted. *Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 346 (4th Cir. 2009), *vacated on other grounds*, 559 U.S. 1089 (2010). A preliminary injunction is "an extraordinary remedy involving the exercise of a very far-reaching power, which is to be applied only in the

limited circumstances which clearly demand it." *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 811 (4th Cir. 1991) (citations and internal quotation marks omitted).

Plaintiff must "clearly" demonstrate that he is "likely" to succeed on the merits. *Real Truth About Obama*, 575 F.3d at 346–47; *Carcaño v. McCrory*, 203 F.Supp.3d 615 (M.D.N.C. Aug. 26, 2016). A party seeking a preliminary injunction must show that he is likely to suffer irreparable harm in the absence of preliminary relief. *Winter*, 555 U.S. at 20. Irreparable injury must be both imminent and likely; speculation about potential future injuries is insufficient. *Id.* at 22. Plaintiff bears the burden of showing that each factor supports his request for preliminary injunction. *Direx Israel, Ltd.*, 952 F.2d at 81

### c. Magistrate Judge's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). Because Plaintiff did not file objections to the R&R, the R&R is reviewed for clear error.

### III. Discussion

The Court finds that the Magistrate Judge ably addressed the issues and correctly concluded that Plaintiff's motion for a preliminary injunction should be denied as moot. As the Magistrate Judge notes, the record establishes that since filing his motion Plaintiff has been moved to a correctional facility with 24-hour medical coverage. Accordingly, Plaintiff has received the very relief he sought in his motion. *See Jamison v. Clarke*, No. 7:18-CV-00504, 2020 WL 618838, at *8 (W.D. Va. Feb. 10, 2020) (finding motion for preliminary injunctive relief moot where plaintiff sought a gluten-free diet because plaintiff "has notified the court that he is now receiving a gluten-free diet"); *see also Michelson v. Wellpath*, No. 1:20-CV-00155-MR, 2021 WL 1404558, at *1 (W.D.N.C. Apr. 14, 2021) (mooting a motion for preliminary injunction seeking "adequate and effective treatment for his serious medical needs" because plaintiff was released from prison). Plaintiff's motion is therefore moot and is denied as such.

### IV. Conclusion

For the reasons set forth above, the Court **ADOPTS** the R&R (Dkt. No. 51) as the order of Court and **DENIES AS MOOT** Plaintiff's motion for a preliminary injunction (Dkt. No. 24).

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

July 6, 2021
Charleston, South Carolina