IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Robbie Collins, | ) | Civil Action No. 2:20-3752-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Nurse Belzer, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Before the Court is the Magistrate Judge's Report and Recommendation ("R & R") that the claims against Defendants Nurse Henderson and Nurse Obenga be dismissed without prejudice. (Dkt. No. 56.) For the reasons set forth below, the Court adopts the R & R as the order of the Court and dismisses without prejudice the claims against Defendants Henderson and Obenga.

**I.    Background**

Plaintiff is a state prisoner proceeding *pro se* to bring this action pursuant to 42 U.S.C. § 1983, alleging that Defendants were deliberately indifferent to his serious medical needs when he contracted the COVID-19 virus when he was housed in the Broad River Correctional Institution. Plaintiff alleges that he suffered symptoms for eight weeks without any medical attention and that SCDC takes no precautions to separate infected from non-infected inmates. He seeks $100,000 for pain and suffering and punitive damages. (Dkt. No. 1.)

**II.    Legal Standard**

The Magistrate Judge makes a recommendation to the Court that has no presumptive weight, and therefore the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in

whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where the plaintiff objects to the R & R, the Court "makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id*. In the absence of objections, the Court reviews the R & R to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note; *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation.").

### III.    Discussion

Rule 4(m) of the Federal Rules of Civil Procedure provides that "[i]f a defendant is not served within (90) days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant . . . . But the plaintiff shows good cause for the failure, the court must extend the time for service to an appropriate period." Fed. R. Civ. P. 4(m).

The summons for Defendants Henderson and Obenga were returned unexecuted because SCDC could not identify them. Plaintiff requested the Court to produce a copy of his medical records to determine these Defendants' first names. Defense counsel produced an affidavit averring that the medical records do not reference any Defendants by these names and that SCDC could not identify anyone by these names employed at Broad River Correctional Institution in 2020 or 2021. Plaintiff has provided no further information or clarification to serve these Defendants, and the 90-day period for process of service has expired. Plaintiff has also not demonstrated good cause for the failure to complete service. For these reasons, the Magistrate

-3-

Judge recommends the claims against Defendants Henderson and Obenga be dismissed without prejudice pursuant to Rule 4(m).  The Court adopts that recommendation.

## IV.  Conclusion

For the foregoing reasons, the Court **ADOPTS** the R & R (Dkt. No. 56) as the order of the Court and **DISMISSES WITHOUT PREJUDICE** the claims against Defendant Nurse Henderson and Defendant Nurse Obenga.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

August 5, 2021
Charleston, South Carolina