# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Robbie Collins, | Case No. 2:20-cv-03752-RMG |
| Plaintiff, | |
| v. | **ORDER AND OPINION** |
| Nurse Belzer, *et al.*, | |
| Defendants. | |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge (Dkt. No. 82) recommending that the Court deny Plaintiff's motion for a temporary restraining order (Dkt. No. 65). For the reasons set forth below, the Court adopts the R&R as the order of the Court and denies Plaintiff's motion for a temporary restraining order.

## I. Background

Plaintiff, a state prisoner appearing *pro se*, brings this action under 42 U.S.C. § 1983, alleging Defendants were deliberately indifferent to Plaintiff's serious medical needs when Plaintiff contracted COVID-19.

On August 11, 2021, Plaintiff filed a motion for a temporary restraining order. (Dkt. No. 65). Plaintiff asks that the Court issue a temporary restraining order at "SCDC Defendants to stop retaliating against [Plaintiff] for filing a civil suit." (*Id.* at 2). Plaintiff claims that the medical staff at McCormick Correctional Institution ("McCormick"), where Plaintiff currently resides, subject him to "deliberate indifference due to the civil suit filed against the medical staff" in *Collins v. Trull, et al.*, No. 2:20-cv-1543-RMG-RBG. (*Id.*). Plaintiff claims that though he is suffering respiratory attacks, the medical staff at McCormick refuses to provide Plaintiff with refills of his albuterol inhalers or otherwise provide proper treatment. (*Id.*). Plaintiff claims that he has not

received his second dose of the Moderna COVID-19 vaccine. (*Id.* at 3). Plaintiff also renews his request to be transferred to the 24-hour medical facility at Lee Correctional Institution ("Lee") despite admitting that McCormick—where Plaintiff is currently housed—already has a 24-hour medical facility. (*Id.*). Defendants oppose Plaintiff's motion. (Dkt. No. 75); (Dkt. No. 75-1) (attaching Plaintiff's medical records).

On September 16, 2021, the Magistrate Judge filed an R&R recommending that Plaintiff's motion be denied. (Dkt. No. 82). Plaintiff filed timely objections to the R&R. (Dkt. No. 89).

Plaintiff's motion is fully briefed and ripe for disposition.

## II. Legal Standard

### a. Fed. R. Civ. P. 65

"The substantive standard for granting either a temporary restraining order or a preliminary injunction is the same." *Dyke v. Staphen*, No. CV 6:18-402-TMC-KFM, 2018 WL 2144551, at *1(D.S.C. Apr. 19, 2018), *adopted by*, 2018 WL 2136062 (D.S.C. May 9, 2018); *see also Virginia v. Kelly*, 29 F.3d 145, 147 (4th Cir. 1994) (showing that the standard for a temporary restraining order is the same as that applied to motions for preliminary injunction). To obtain a preliminary injunction or a temporary restraining order, a party must make a "clear showing" that (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 21 (2008); *see also Smith v Ozmint*, 444 F. Supp. 2d 502, 504 (D.S.C. 2006). All four requirements must be satisfied for relief to be granted. *Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 346 (4th Cir. 2009), *vacated on other grounds*, 559 U.S. 1089 (2010).

Because Plaintiff is representing himself, this standard must be applied while liberally construing his filings in this case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### b. Magistrate Judge's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). Because Plaintiff filed objections to the R&R, the R&R is reviewed *de novo*.

### III. Discussion

The Court finds that the Magistrate Judge ably addressed the issues and correctly concluded that Plaintiff's motion for a temporary restraining order be denied. As correctly noted in the R&R, Plaintiff's motion must be denied because Plaintiff fails to make a clear showing that he is likely to succeed on the merits of his claim. Contrary to Plaintiff's assertions otherwise, Plaintiff's medical records show that he has clearly "received breathing treatments as needed. The record also indicates that Plaintiff has active prescriptions for medications to help his alleged asthma and breathing complications." (Dkt. No. 82 at 2-5); *see, e.g.*, (Dkt. No. 75-1 at 16, 34, 49, 66). Last, to the extent Plaintiff renews his request to be transferred to Lee, the request is denied as moot

because Plaintiff already has access to 24-hour medical coverage at McCormick. Plaintiff filed objections to the R&R which the Court considers below.

The Court overrules Plaintiff's objections. (Dkt. No. 89). Plaintiff's objections do not challenge a particular portion of the R&R nor the substance of the Magistrate Judge's analysis. Instead, Plaintiff generally reiterates facts and arguments already advanced in support of his motion—arguments which the Magistrate Judge considered and rejected in the R&R. Accordingly, Plaintiff's objections are overruled.

## IV. Conclusion

For the reasons set forth above, the Court **ADOPTS** the R&R (Dkt. No. 82) as the order of Court and **DENIES** Plaintiff's motion for a temporary restraining order (Dkt. No. 65).

**AND IT IS SO ORDERED**.

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

October 4, 2021
Charleston, South Carolina